## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| **CAONABO MAYOBANEX POL MONTERO,** )<br>)<br>  Petitioner, )<br>)<br>v. )<br>)<br>**WARDEN ROKOSKY**, *et al.*, )<br>)<br>  Respondent, )<br>and )<br>**POL CAONABO MAYOBANE MONTERO** )<br>)<br>  Petitioner, )<br>)<br>v. )<br>)<br>**LEFEVER,** )<br>)<br>  Respondent. ) | <br><br><br><br><br>**CIVIL ACTION NO. 1:23-0027**<br><br><br><br><br><br><br><br><br><br><br>**CIVIL ACTION NO. 1:23-0173** |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus," filed on December 6, 2023. (Document No. 13.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the record and considered the applicable law, the undersigned has concluded that the Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus" (Document No. 13) should be granted.

## PROCEDURAL HISTORY

On January 17, 2023, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus*

by a Person in Federal Custody under 28 U.S.C. § 2241. (Civil Action No. 1:23-00027, Document No. 1.) Petitioner named as Respondents the following: (1) Warden Rokosky; and (2) Acting Warden Lefever. (Id., p. 1.) In his Petition, Petitioner argues that the Bureau of Prisons ("BOP") is improperly denying him earned time credit under the First Step Act. (Id.) Accordingly, Petitioner requests that the Court order the BOP to provide Petitioner with his earned time credit under the First Step Act. (Id.) On January 24, 2023, Petitioner paid his $5.00 filing fee. (Id., Document No. 4.) By Order entered on January 25, 2023, the undersigned directed Respondents to file an Answer to Petitioner's Petition showing cause, if any, why the relief sought should not be granted. (Id., Document No. 5.) On February 3, 2023, Respondent filed his Response to Order to Show Cause. (Id., Document No. 6.) By Order and Notice entered on February 7, 2023, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response on or before March 27, 2023. (Id., Document No. 7.)

On February 28, 2023, Petitioner initiated Civil Action No. 1:23-00173 by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Civil Action No. 1:23-00173, Document No. 1.) As the Respondent, Petitioner named Acting Warden Lefever. (Id.) In his Petition, Petitioner again argues that the BOP is improperly denying him earned time credit under the First Step Act. (Id.) Petitioner argues that on February 14, 2023, BOP staff retracted earned time credits "with wrong designation of final order of removal." (Id., p. 2.) Petitioner requests that the "court have earned time credits applied because final order of removal hasn't been issued." (Id., p. 7.) As an Exhibit, Petitioner attaches a copy of his Immigration Detainer dated February 14, 2023. (Id., Document No. 1-1.) Petitioner also filed a Letter/Brief in Support of his Section 2241 Petition. (Id., Document No. 2.)

2

By Order entered on March 2, 2023, the undersigned ordered that Civil Action Nos. 1:23-00027 and 1:23-00173 shall be consolidated, with Civil Action No. 1:23-00027 designated as the lead action. (Civil Action No. 1:23-00027, Document No. 9.) The undersigned further directed that "Respondents shall file a Supplemental Answer addressing Petitioner's Petition as filed in Civil Action No. 1:23-00173 on or before **April 14, 2023**. Petitioner may, if he wishes, file a Reply or Objections to Respondent's Supplemental Answer by **May 15, 2023**." (Id.) On April 5, 2023, Respondent filed his "Supplemental Response to Order to Show Cause." (Id., Document No. 11.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust his administrative remedies (Id., pp. 2 – 3.); (2) "Petitioner is not eligible for FTC release at this time" (Id., pp. 3 – 4.); and (3) "The Court has authority to revoke good conduct time for filing a frivolous action" (Id., pp. 4 – 5.). As Exhibits, Respondent attaches the following: (1) The Declaration of Misty Shaw (Document No. 11-1, pp. 2 - 3.); (2) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., p. 5.); (3) A copy of Petitioner's "Judgment in a Criminal Case" as filed in the United States District Court for the District of Massachusetts in Criminal Action No. 1:17-10140 (Id., pp. 7 – 13.); and (4) A copy of Petitioner's "Public Information Inmate Data As of 01-31-2023 (Id., pp. 15 – 17.). By Order and Notice entered on April 5, 2023, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 14.) Petitioner, however, failed to file a Reply.

On December 6, 2023, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus." (Document No. 13.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as moot based upon Petitioner's release from custody. (Id.) By Order and Notice also entered on December 6, 2023, the undersigned notified Petitioner of his right to file a Response.

(Document No. 14.) Petitioner, however, failed to file a Response.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[1] and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g.,

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 13, 2023.

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus" (Document No. 13), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber,

and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: January 11, 2024.

Omar J. Aboulhosn
United States Magistrate Judge